IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**HENRY L. FREEMAN**                                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:07-cv-159-KS-MTP**

**CITY OF HATTIESBURG POLICE DEPARTMENT**                           **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, Henry L. Freeman, filed this complaint pursuant to 42 U.S.C. § 1983 and sought monetary damages as relief. The Defendant is City of Hattiesburg Police Department. In his response [11] filed September 10, 2007, to this Court's Order [8], the Plaintiff named the City of Hattiesburg as a Defendant. Additionally, in his response [13] filed September 18, 2007 to this Court's order [12] filed September 12, 2007, Plaintiff added Officer Mark Denny as a Defendant in this Cause.

Further, in his response [13] Plaintiff asks the Court to add the City of Hattiesburg Police Department's insurance carrier as a Defendant in this cause. The Court construes this Defendant as a "John Doe" at this time. The Clerk is directed to edit the docket accordingly.

Plaintiff alleges that, while being transported by Officer Mark Denny, he was involved in an automobile accident on or about July 28, 2006. Plaintiff states that he was in the back seat in handcuffs and was not secured by a seat belt. As a result of this accident, Plaintiff claims that he has suffered injuries to his back.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii)

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case. As discussed below, the Plaintiff's § 1983 action at this time fails to state a claim on which relief may be granted.

The United States Court of Appeals for the Tenth Circuit examined whether failure to seatbelt a prisoner during transportation, standing alone, constituted a constitutional violation. The Tenth Circuit in *Dexter v. Ford Motor Co.,* Nos. 02-4122, 02-4137, 637 WL 254753 (10th Cir. Feb. 12, 2004) determined that there were too many other factors unrelated to the use of seatbelts involved in an automobile accident in order to allow failure to seatbelt to give rise to an Eighth Amendment violation. The Tenth Circuit explained that "[t]he eventuality of an accident is not hastened or avoided by whether an inmate is seatbelted." *Id* at **3. Additionally, the Tenth Circuit in *Dexter* explained that while the severity of harm may be aggravated by the lack of a seatbelt, other variables must be included in the risk evaluation. "The connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis." *Id.* at **3. Although this claim may have merit as a state tort action in negligence, such a claim is not cognizable under 42 U.S.C. § 1983. *See White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981), *cert. denied*, 455 U.S. 1027, 102 S. Ct. 1731, 72 L. Ed. 2d 148 (1982).

Conclusion

As discussed above, the Plaintiff's claim for failure to seatbelt is not cognizable under 42 U.S.C. § 1983. Consequently, this complaint will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915 (e)(2)(B)(ii).

<u>Three-strikes provision</u>

Since this case shall be dismissed pursuant to 28 U.S.C. § 1915 (e) (2) (B)(ii) it will be counted as a "strike"[1]. If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the <u>20th</u> day of November, 2007.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Title 28 Section 1915(g) states:

"[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."